Case No. 12-6056, 12-6057, and 6182 Maxwells Pic Pac, Inc. et al. v. Tony Dehner et al. and the Liquor Outlet Argument Not to Exceed Defendants I'm sorry, I'm reading this wrong 15 minutes for the Plaintiff and 15 minutes to be shared by the Defendants and Intervening Defendant Mr. Irvin, you may proceed for the Appellant Thank you, Your Honor Your Honor, when we undertook the defense of this case and as I became a better student of the rational basis test I thought that we should prevail under the law of this case but I think that the case became derailed by the rhetoric of the grocers that this case is somehow a case about groceries against drugstores in buying for liquor licenses but there's no exception for drugstores in Kentucky's law It's a fraud-based blanket law In fact, it's a prohibition on any store that sells a certain sum of groceries against all other retailers whether it be a drugstore or a hardware store or Macy's any other retailer than one who sells a substantial sum of groceries can obtain a liquor license but the reasons for that prohibition I think are the same today as when they were adopted 70 years ago and the reason I believe is is that groceries continue to be the central, most frequented point of commerce in any community Because of that, they have the effect of exposing the most people with the most frequency to the products that they sell and the harms that are intended to be avoided by the prohibition of the sale of groceries are the same today as they were 70 years ago Now, Counsel, this is Judge Cook You'll get to know our voices but as you know, and we might as well get right to it you know your opponent is arguing that times have changed Are you still there? Yes, Your Honor Oh, I'm sorry, my phone is ringing Times have changed and that the variation among retailers and the sorts of things that each sells in Big Box, etc. and Walgreens, Walmarts that that has changed the structure and therefore renders this legislation and its accompanying regulations unconstitutional so maybe just address that Have things changed enough to make this that no rational basis exists? If Your Honor please, certainly times have changed but in regard to the issue of the sale of alcohol they haven't changed dramatically in Kentucky Half of Kentucky, Your Honor, is still dry Half or more of the counties in Kentucky are still dry It remains a very volatile political issue but what I think that the grocers are doing, Your Honor is sticking at the rationale I think that what the legislature has done at the very least, Your Honor is develop a hypothesis and that hypothesis is what I just went through that is, is that if you prohibit the sale in groceries center most frequented point of commerce in a community that you then limit the exposure of hard liquor and wine to children that you then limit the frequency of impulse buying of the substance and the ills that come from that They have the effect of sustaining price by taking it away from the traditionally volume deals of grocers and I think, Your Honor, the fact that the grocers want to debate that hypothesis at all demonstrates that there is a rational basis for the hypothesis That's what the law is, Judge The law is, is that as long as it is at least debatable as long as it is at least tenable then there is a rational basis for the law This court observes... Mr. Irvin, this is Judge Strange I wanted to follow up on Judge Cook's question I think where she is asking you to focus is on whether the community, the prime community meeting location is no longer just in a grocery store because of the restructuring of the business of the sale of grocery and goods and I think the question is because a target, for example, sells both groceries and other goods and a grocery store sells pots and pans and summer gear and seasonal items Has the nature of your claim been altered because the nature of the business has changed? Your Honor, I don't think so I don't think that it's changed at least not to that extent in Kentucky I think the grocery is still the primary because that's where people go for food That's the primary place If I'm going grocery shopping, I'm not generally going to go to Target If I'm going grocery shopping, I'm not generally going to go to Walgreens I'm going to go to Kroger or Value Market or a grocery store and I have to go every week Many people go daily and so I don't think that the underlying basis for the premise has changed but even to the extent, certainly as you observe the marketplace is more diverse than it once was but that notwithstanding, the premise remains the same that the primary place that people have to go weekly if not daily is the grocery store so that that is where your exposure is the greatest and it supports the hypothesis at least that prohibiting the sale there limits some of the ills intended to be avoided by the statute Let me follow up by asking about how that relates to the liquor license quota If the goal is to reduce access what difference does it make whether the license goes to a Walmart or a Target versus a Kroger? Well, I think the difference is in terms of the quota licenses that person makes a choice to go make the purchase at any venue that offers it for sale but in Kentucky at least where you're trying to sustain a political balance between those who would prohibit it altogether and those who would put it on every corner that's the reason why it needs to be limited in groceries because that's where everyone in the community has to go and that's the way I would draw that distinction, Judge Okay, thank you This is Judge Carr, District Judge by designation and would there be any impact upon the state's ability or the Alcohol Control Authority's ability to enforce restrictions in terms of sales to minor hours of sales and so forth if this order were upheld rather than vacated? Do you understand my question? Yes, Your Honor, I do understand and I don't foresee that particularly being problematic I have one other question and perhaps I'm missing something but it's my understanding, and correct me please if it's wrong that the effect of this order, if it were permitted to stand would apply to gas stations as well as to Kroger and other grocery stores Is that correct or not? Yes, Your Honor, that is correct The law prohibits the sale not only where it's 10% or more but also gasoline or oil It's intended to apply to ready marts that sell gasoline and oil as well But getting back to Judge Strancher's question the state would still retain the authority to determine who qualifies for a liquor license, is that correct? Yes, Your Honor And in your view, could the state accomplish its objective simply by to whom it gave licenses or are there problems that would be created in terms of is it a lottery or do you have to apply? No, there's an application process There are standards in place to judge the qualifications of an applicant But in the absence of this law, Your Honor of course it could be interpreted to be arbitrary, if you will if the persons who sit in judgment without the statutory qualification just picked on grocers Okay, let me ask you this then It seems to me that a stronger argument for you to secure reversal is that it does cover gas stations that are more likely to be frequented by miners perhaps more difficult to monitor and to control and are open, I don't know maybe I shouldn't go there with this factual question but at least might well be open 24 hours a day, 7 days a week and I assume that the bars and so forth restaurants where you can buy alcohol close at a certain hour but for somebody to be able to walk in at 2 o'clock in the morning whether a minor or an adult and grab a bottle of liquor or wine in all candor, this is really for the plaintiffs to address I find that to be a very valid concern on the part of the state It's not just the grocery stores but it's places where you could stop in to get gas at 2 o'clock in the morning and pick up a bottle sometime after you've stopped drinking at the saloon Well, I think Your Honor's point is well taken It also makes the product more susceptible to theft, I think and it is an excellent point Counsel, your time has expired and it has expired a minute or two ago so the question Judge Carr poses will be something that can be discussed by the other side and also revisited by you on rebuttal, if you like Thank you We'll thank you for your argument and we'll hear from Mr. Clarkson next Thank you, Your Honor May it please the court I think part of my presentation today is going to dovetail on some of the questions the court has been asking the state and this kind of goes under the heading of what we put in our brief the practical effects of the court's ruling on the regulatory system in general One thing that hasn't been commented on that should be pointed out 243.230 subsection 5 is not just about package licenses The whole statutory scheme of 243.230 relates to where you can have package licenses and also retail by the drink license or a bar, so to speak Striking down this statute not only allows grocery stores and gas stations and convenience stores which are the entities we're focusing on licenses to sell by the package but if you read the statute they can now seek by the drink licenses essentially allowing them to sell drinks on premise to customers This isn't a hypothetical that I pose, Your Honors If you look at the record below we actually had in our expert report an affidavit the Fry's food stores that Kroger the parent company operates in other states have wine bars and other on-premise sale of alcohol So the elimination of this provision of the statute is going to affect not only quote-unquote package sales but now opens these entities up to go get and sell on-premise drinks Neither of those things were ever intended by the statutory scheme both 243.230 and the entire ABC regulatory scheme This also ties into Judge Carr's question about gas stations because eliminating that provision for gas stations gives them the same freedom of application Not only can they now be package stores they can now seek a retail by the drink license So if the court is concerned about the package sale at two in the morning of a bottle of liquor or wine to someone walking in imagine the greater concern about if they have a wine tasting or a bourbon tasting since we're here in Kentucky and the ability to sell those drinks on-premise And the concerns about gas stations and the number of outlets that sell alcohol is nothing new If the court looks at the record and for example the Fosdick and Scott toward liquor control report which is the basis for all 50 states ABC regulations post-prohibition and the Kentucky Liquor Control Committee report that we put in the record Those reports in that historical basis were always always concerned with the proliferation of the sale of alcohol on-premise and by package The whole regulatory scheme was designed to recognize those concerns recognize the concerns that liquor and wine are not beer and decide where and when those sales should take place And for the last 70 plus years the regulatory premises licensing scheme has decided that those sales can take place for example in drugstores and I know that has been a favorite kind of whipping post in this case but let's not forget drugstores for all time sales in Kentucky were always a most favored nation status because both before and after prohibition they were allowed to be a package store because of their history and experience with the regulation of alcohol Let's also not forget the whole reason we have a prohibition and the regulatory scheme is that alcohol is not your typical consumer product It has never been looked at historically or today as a product you can interchange with toilet paper and toothpaste and other products on your shelves regardless of what entity is selling the product It probably is the most regulated consumer product in history We have two constitutional amendments and 50 state regulatory schemes that regulate its sale and the concerns that were valid in 1938 when the ABC scheme was enacted and the concerns that the Liquor Control Committee had when they analyzed after prohibition in Kentucky how we're going to regulate and sell it are no different than the concerns of today Sir, this is Judge Carr, excuse me Do we really have to reach the question of whether we look at the regulation from today's perspective the statute and regulation from today's perspective to reverse and number two do we have to worry and address the question of whether the interplay between the 21st and the 14th amendments or is considering either of those I find to be pretty thorny and tricky issues do we have to look to either of those consider either of those to grant the relief you desire Your Honor, thank you for that question because the district court overlooked those issues I think the court has to at least weigh in and I want to point the court to some guidance on both those issues because there's two cases that we have relied on below and have put in our briefs that I think address both those issues the ABC vs. Liquor Outlet case which is a case in Kentucky from 1987 which looked at this issue of when you look at rational basis in the terms of the sale of distilled spirits and wine on credit which in 1987 and even today we know from a modern economy point of view everything is sold on credit the state court in that case looked at the issue and decided that no you have to look at what credit meant at the time the statute was enacted and there was a rational basis for not allowing the sale of distilled spirits and wine to be sold on credit and they struck down the desire to sell on credit they then allowed which let the process play out as it should the legislature then changed the statute after that decision to allow credit and that's part of what we're arguing here is that the process should be to change ABC regulations in Kentucky it's a legislative function a legislative power and we will leave it counsel we'll leave it at that your time expired a few minutes ago and I think you've answered the question and so we'll move now to hear from your opponents may it please the court and Mr. Irvin, Mr. Carson Applebee's grocery stores have no disagreement with the laudatory goals that the state has to reduce access to alcohol, drunken driving underage drinking those types of social problems everybody agrees that those are legitimate state issues that's not the question in front of the court though what is before the court is whether the discriminatory manner in which the state seeks to attain those goals is constitutional the statute here and the regulation companion regulation actually I assume we're hearing from Mr. Pitt  that's who's speaking yes ma'am the question is narrower than that is it not Mr. Pitt given that we are we're looking at the statutory scheme and number one we presume it's constitutionality so we start there I mean the broader question that you frame I don't think it's quite the one that we're faced with we have a narrower question about whether or not any conceivable rational reason whether you can carry the burden to show that no conceivably rational basis exists to uphold this legislation yes your honor I agree I think that is our obligation the state does not have an obligation to prove that there is a rational basis it's our obligation to show that there is one I think the state has for this rational basis we really should frame it so that we're all on the same page it's more that there is no conceivably reasonable basis that anybody can think of to uphold this that's correct your honor and we submit that the state has offered no no reasonable rational basis Judge Haburn in his 29 page opinion labored over this issue recognized the difficulty that courts have and may have in determining whether there is any possibility out there he could not find one and we submit your honor that there is no rational basis to address Judge Carr's question the question about gasoline stations being able to obtain license the number the availability for sale of package and drinks is governed by statute and ordinance in Kentucky the number of hours that retailers can sell those products is strictly limited so whether it's a gasoline station or a 24 hour Walgreens or a Meijer store it doesn't matter those are limited and would be limited to everybody in that regard and we think the narrow focus here is there is nothing inherently excuse me there is nothing inherently wrong with the sale of alcohol liquor and wine in particular alongside groceries no one has suggested there is and so what Counselor, this is Judge Strach hasn't your opponent suggested that the issue is accessibility and that the grocery stores tend to be a community meeting place and therefore are frequented more than for example a drug store would be and it is the nature of that frequency that has the relationship to the sale that makes it rational where people go most frequently and are exposed to this purchase determines that, let me back up it makes a rational relationship between the desire to limit accessibility at frequently visited locations why is that incorrect? that is number one your honor as Judge Habron found and as we submit there is no proof in the record this day and time that that is true if it has ever been true that it may have been true at some point in time years ago when so called grocery stores were the only outlets that sold groceries in today's economy, in today's marketplace staple groceries are found many places including Walgreens and CVS including liquor outlet party source it's just the question of the amount is there, does the fact that a certain grocery store sells 10% of more or more in staple groceries all of a sudden convert them into being unable to obtain a license and we submit your honor that there is no rational basis to make that distinction and then there's no proof in the record that in fact that grocery stores are any more frequented than drug stores in the wet areas of Kentucky in fact drug stores such as Walgreens I think the point maybe that we've gotten from the arguments of the state and their colleagues is that one cannot live without groceries and if you choose, if you're a member of the temperance side of things in Kentucky you'd still need to go to the grocery store, you'd still need, you'd typically take your children, that's the kind of argument that I understand that you're faced with and that you must carry your burden to show that that's not legitimate. It's arbitrary and it's not a conceivably rational ground. So it's true that people go to both maybe they go to Walmart but they if they want to avoid and the exposure to alcohol they still need to go to a grocery, right? No no your honor they can if they want to avoid exposure to alcohol they're going to find ample beer cases in grocery stores that are full of various beers and malt beverages they're not going the state, is it legitimate for the state in an area that has decided and where the majority has decided under a local option election to be a wet area to then protect those people who may be sensitive to and disagree with drinking alcohol from having to see the alcohol The high content, I mean the state has the state has distinguished between high alcohol content, spirits and wine and lower alcohol content you know the whole legislative scheme makes that distinction so we're really faced with deciding in the framework of that distinction are we not I said exposure to alcohol and you're right to throw that back and say hey judge they still see the malt liquor but you know had I said high content alcohol alcoholic beverages do you still have the same answer to your question? Yes because the same protections are in place would be in place in a Kroger store for example as in a Walgreen store the same requirement to check driver's licenses for age to keep liquor under lock during the hours when it's prohibited for sale and that sort of thing would still apply and I would submit also that drug stores are also important and necessary serve an important and necessary function in the community in that prescription drugs are necessary products for many people during many times of their life just as groceries are maybe not on a daily basis but on a regular basis they are and so I'm sorry finish your answer please I apologize for interrupting I'm sorry I think I had finished my answer I think that drug stores this day and time always have been just as important if not frequented as often they are frequented often because prescriptions and drugs are necessary to society my concern I was very candid with your opponent it's really a problem I think you have in this case if we're only talking about the grocery store drug store issue that's fine that's one thing but this border opens gas stations up as well assuming they get a license and it seems to me that I realize it may not be in the record and that's a fair point maybe perhaps a remand to get this record better but we all go to gas stations all the time there's usually only one or two clerks there they are frequented by teenagers and others probably to a greater extent than grocery stores or drug stores and certainly I don't think anybody can gain say the state's interest in restricting the opportunity to have access to alcohol of any kind on the part of young drivers I think that can we carve the order up somehow I think you get my point I do get your point your honor I think there are three or four things there this day and time as the court is probably aware as we're all aware drivers drive up to a gas pump put a credit card in the mechanism there and get their gas how often at a gas station does somebody even go in the store anymore and even then the same laws are at play a 16 year old goes into a gas station to pay for the gas and sure they already see beer there they may see liquor there but they're going to be carded they're presumably going to be run through the same rigorous exercise in determining that they're 21 years old that they would in a Walgreen's store or any other location plus I would point out that many liquor stores in the record and in our exhibits have drive throughs you only have to be 16 years old in Kentucky to get a driver's license and drive right up to a window and perhaps buy perhaps not buy alcohol at that drive in window I'm wondering your argument is that people people go people go more grocery stores they could go equal numbers of times but I think the legal question that faces this panel is whether or not the state could rationally conceive that people go to grocery stores more often and filling stations more often could the state not rationally conceive that they could be wrong but they don't have to be correct they're allowed to speculate and we're allowed to speculate about what the state might have thought well your honor I do think that a degree of speculation can be engaged in but to say and to discriminate against a whole portion a whole classification of society you call it but we'd call it would it be fair to call it line drawing by the state that it's it drew a classification and it put you and your grocers and that their ilk and filling stations in a separate classification it they did do that there is a separate classification and the question is as your honor has pointed out is there a rational basis for drawing that line for making that distinction again is it can you carry your burden to show that there is no rational basis for drawing that line no conceivable I'm going to keep drawing us back to the tough question very tough hurdle that you must overcome yes your honor because the rational basis is it's based on the fact that they're assuming that just more people are going to go into the grocery store that overlooks the fact that the same protections and mechanisms would be in place in a grocery store to guard against the sale of the minors for example of alcohol and that sort of thing would be in any other store this is judge trench it's not that excuse me everyone we've lost judge cook give me just one moment to reconnect her we'll wait thank you thank you drew did anyone notice that last question she was breaking up and then she cleared up I was going to say something and then she cleared up exactly well we've never had that happen with a judge before well you know sequestration are the lawyers still on  no the lawyers should still be on the line I'm back all right judge cook yes we're back did mr. fitz stop speaking I'm sorry sir yeah that's fine drew interrupted in time and I think judge trench you were in the middle of a question I was in the middle of a follow up on judge cook's question because it seems to me your response is that well whoever sells has the same limitations but I think that may be a question because isn't the issue not that everybody who sells has the same limitations but the number of people exposed to the product the number of people with access and if judge trench I'm sorry judge cook has disconnected again just one moment sure I wonder what's going on I wonder if there's another line she could get on here we have judge cook back on line judge cook is there another line you'd like to try or I'm not sure what's happening neither but it's too bad and I apologize so was there an answer to judge trench's question I was just finishing it up and waiting for you to get back I'm trying to get a response to the issue of greater accessibility because that is what has been posited as a rational basis and it seems to me that you could rationally assume that purchasing staples and purchasing gas necessary for transportation sustenance and transportation are two key components of life and that the legislature would then be within its authority to say we believe that people visit grocery stores that sell more numbers and more variety of staples and people visit gas stations to purchase necessary gasoline for travel more frequently than they do the other category which is drug stores and say package stores or party stores and we believe that that helps us to limit access of what some believe to be a dangerous product or a product that can be dangerous to society now then doesn't the burden transfer to you Mr. Pitt to show that that is to negative that presumed rational basis and my question would be what do you have in the record that would negative that presumption? Your Honor there is no fact that I'm aware of no fact finding in the record on that presumption but I think the presumption might have been I'm sorry let me hone it a little bit better on my question we're talking about rational possibilities could a legislature rationally make this determination and the burden to negative that is yours so my question would be what have you placed in the record to negative that alleged rational distinction? I think that presumption may have been true in 1938 when the statute was enacted that many more people frequented grocery stores than drug stores. We would submit Your Honor that that has changed over time and that drug stores this day and time are for example are very frequently that are frequently attended and that is a change that has been dramatic change over time and that this what would happen here is saying that the result would be that someone who happens to have a sell to more people or have a larger store is then being prohibited from engaging in the sale of a certain product. That has no relation necessarily to whether it's groceries or not this statute is limited to I'm sorry to tell you that your time has expired and you could wrap it up if you just take another half a minute to wrap it up. Thank you Your Honor and to finish that I think the focus here should be on is there an inherent problem in selling groceries alongside alcohol and there is not. There should not be then a cut off a person should not be penalized because they're successful in getting more people into their store when there in fact are protections in place at those stores just like there would be drug stores and just like there would be liquor stores against these various social ills that the state has posited that they're trying to protect us from. Thank you Your Honor. Thank you. We appreciate your argument. We have rebuttal time I think two minutes. Three minutes Your Honor. Mr. Irvin has three minutes. Alright Mr. Irvin then the floor is yours. Thank you Your Honor. If it please the court I think that counsel for the grocers has missed the point that each of the members of the court has tried to ask him to address. There is no inherent problem with the sale of alcohol alongside groceries. That's not the ill intended to be addressed as we see it by the staff. I'm sorry was there a question? No I don't again our phone. I think that Your Honor Judge Cook you got it correct that when you look at all of the interests either separately or together Kentucky's legislature has attempted to draw a line finally and create a classification which at least arguably at least arguably satisfies a legitimate state interest and when you consider what the grocers are complaining about their arguments are just that. Their argument doesn't have to be arguable it only has to be conceivable doesn't it? Correct Your Honor. And all the grocers have done and I think where the district court may have run afoul was attempt to balance those arguments but the fact that they are attempting to be balanced demonstrates the debatability of the issue and because the question is debatable we satisfy the rational basis test. That there is a debatable hypothesis at all defeats the grocers challenge in this case. That's all that's required under the rational basis test. It's irrelevant whether any of these were the hypothesis was the actual motivation for the legislation or whether the classification chosen was the best means to accomplish the objective or whether the court agrees with the legislative choice. It's the fact that it is a debatable choice. That it is at least rational to believe that the statute satisfies the intended or hypothesized objective. Thank you Your Honor. Alright thank you counsel. We appreciate the arguments on both sides. The court will consider your case carefully and will issue an opinion in due course. So with that will you adjourn?